**In re Abe COTLER, Debtor.**

**Bankruptcy No. 81–04043.**

United States Bankruptcy Court,
D. New Jersey.

July 26, 1985.

Arthur J. Abramowitz, Davis, Reberkenny & Abramowitz, Cherry Hill, N.J., for debtor, Abe Cotler.

Frank W. Hoak, Caldwell, N.J., David A. Kasen, Kasen & Kasen, Cherry Hill, N.J., for Equitable Life Assur. Soc. of the U.S.

Lynn Ahwesh, U.S. Dept. of Agriculture, Harrisburg, Pa., for Farmers Home Admin.

## OPINION

EMIL F. GOLDHABER, Chief Judge [1]:

On motions filed under 11 U.S.C. § 506(a) of the Bankruptcy Code ("the Code"), the task before us is to value the debtor's realty with an eye toward ultimately adjudicating two creditors' requests for relief from the automatic stay. For the reasons stated below, we find that the real property is worth $3,423,930.00.

We find the facts of the case as follows: [2] The debtor owns seven farms in Southern New Jersey. Four of these farms—denominated as Clearview, Marx-Rhodestown, Schofield and Elmer—were previously constituted through the annexation and merger of several smaller farms. The remaining three farms—Pierce, Clunn and Hunt—are each represented by one deed. Sometime prior to the debtor's filing of his petition for reorganization under chapter 11, these seven farms were encumbered by mortgages granted to the Equitable Life Assurance Society ("Equitable") and the Farmers Home Administration ("FMHA"). After the filing of the petition the two mortgagees filed the motions for relief from the automatic stay and the instant motions for valuation, although the motions for relief from the stay are not yet ripe for decision.

The debtor, Equitable and FMHA each presented an appraiser who testified at length. Based on his education, experience, facility with the subject matter, demeanor, credence, use of comparable sales and a highly detailed and persuasive valuation report, we adopt, with the modifications discussed below, the appraisal formulated by FMHA.[3] Hence, we make the express factual finding that the properties at issue are worth a total of $3,423,930.00.

Our resolution of the matter at hand is

---

1. Specially designated to hear and dispose of cases in the United States Bankruptcy Court for the District of New Jersey at Camden.

2. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

3. We reject the ultimate valuation offered by Equitable's appraiser since he used fewer comparables, many of which proved to be unsuita-

ble. Further testimony revealed discrepancies between the methodology of valuation described in his appraisal and the methods actually used to calculate the value of the farms. Likewise we do not accept the valuation proferred by the debtor's appraiser since the linchpin of his valuation was the hypothesis that land values in the subject area were appreciating, in support of which he offered no evidence.

predicated on § 506(a)[4] of the Code which requires that the value of the collateral be determined in light of the purpose of the valuation and the proposed disposition of the property. In the matter before us, Equitable and FMHA seek a low valuation hoping to prevail on their pending motions for relief from the automatic stay. By the same token, the debtor seeks a high valuation to defeat the efforts of the secured creditors to obtain a modification of the automatic stay. These cross purposes are reflected in appraisals differing by more than $1,000,000.00 although all are based, in part, on a proposed liquidation of the property with an attendant satisfaction of the encumbrances.

Each appraiser utilized the same definition of fair market value, which includes the presumption that the sale will be at the "highest price in terms of money which a property will bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus."[5] This basis of valuation is the most appropriate under the attendant circumstances.

FMHA's appraiser afforded the seven properties a base price of $3,113,500.00, the constituent elements of which are outlined below. The debtor contends, with the acquiescence of the mortgagees' appraisers, that smaller farms are currently selling in the relevant area at a higher price per acre than larger farms. Consequently, if the four farms previously constituted by the merger of small farms were sold in their smaller constituent units, a higher value would be generated. FMHA's appraiser testified that this valuation technique would augment his base valuation price by 15% to 20% for the Clearview farm and by 5% to 10% for the Marx-Rhodestown, Schofield and Elmer farms. Taking an average for each range of values for augmentation, it appears that the Clearfield property is worth 17½% more than the base figure offered by FHMA's appraiser, while the values of the Marx-Rhodestown, Schofield and Elmer farms are 7½% higher than the base valuations. We summarize FMHA's base valuations and the adjustments thereto as follows:[6]

**4.** § 506. *Determination of secured status*
(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed distribution or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

**5.** "Real Estate Appraisal Terminology," American Institute of Estate Appraisers and the Society of Real Estate Appraisers (1975).

**6.** For comparison with FMHA's appraisal, the valuations submitted by all the appraisers are listed as follows:

| Farm | FMHA | Equitable | the debtor |
|---|---|---|---|
| Clearview | $1,198,400 | $1,145,000 | $1,860,000 |
| Marx-Rhodestown | 491,000 | 500,000 | 700,000 |
| Schofield | 325,300 | 285,000 | 490,000 |
| Elmer | 526,500 | 412,500 | 660,000 |
| Pierce | 217,300 | 240,000 | 410,000 |
| Clunn | 28,600 | 22,500 | 66,000 |
| Hunt | 326,400 | 336,000 | 528,000 |
| | $3,113,500 | $2,941,000 | $4,714,000 |

| Farm | FMHA base Valuation | augmented value |
|------|---------------------|-----------------|
| Clearview | $ 1,198,400.00 | $ 1,408,120.00 |
| Marx-Rhodestown | 491,000.00 | 527,825.00 |
| Schofield | 325,300.00 | 349,697.50 |
| Elmer | 526,500.00 | 565,987.50 |
| Pierce | 217,300.00 | 217,300.00 |
| Clunn | 28,600.00 | 28,600.00 |
| Hunt | 326,400.00 | 326,400.00 |
| | $ 3,113,500.00 | $ 3,423,930.00 |

The sum of the augmented figures yield an aggregate value of the seven farms of $3,423,930.00 which, as stated above, is our finding on the value of the various farms.

We will accordingly enter an order fixing the value of the debtor's farms at $3,423,930.00.